IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

**CHOON'S DESIGN INC.**,
a Michigan corporation,

      Plaintiff

                              Case No.

v.

**MY IMPORTS USA LLC**,
a New Jersey limited liability company     **JURY TRIAL DEMANDED**

      Defendant

___

### COMPLAINT AND JURY DEMAND

NOW COMES Choon's Design Inc. ("Plaintiff" or "Choon's"), by and through its attorneys, Carlson, Gaskey & Olds, P.C., and for its Complaint against Defendant My Imports USA LLC ("Defendant") states as follows. Choon's also wishes to note that it currently has six[1] other pending lawsuits before this Court involving one or more of the patents in suit. A Motion for Reassignment (to consolidate the cases) was denied.[2]

___

[1] The pending cases in this Court are: 1) Case No. 13-13568-LJM-RSW; 2) Case No. 13-13569-TGB-MKM; 3) Case No. 14-10848-VAR-DRG; 4) Case No. 14-11102-RHC-MJH; 5) Case No. 14-11442-LJM-MKM; and 6) Case No. 14-11802-RHC-DRG.

[2] See Doc. 53 in Case No. 13-13568-PJD-RSW.

## PARTIES

1. Choon's is a Michigan corporation having its primary place of business at 48813 West Road, Wixom, Michigan 48393.

2. My Imports USA LLC is a New Jersey limited liability company having its primary place of business at 75 Ethel Road, Edison, New Jersey 08817.

## JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 (federal question), § 1332 (diversity), and § 1338(a) (patents and copyrights).

4. Defendant is subject to personal jurisdiction in this Court. In particular, this Court has personal jurisdiction over Defendant because it has engaged in continuous, systematic and substantial activities within this judicial district, including the marketing and sales of products in this judicial district. Furthermore, upon information and belief, this Court has personal jurisdiction over Defendant in this case because, for instance, Defendant has placed its products in the stream of commerce, knowing that this judicial district would be their likely destination. In fact, the products have reached this judicial district. Specifically, Defendant has sold and shipped products to a third party, which, on information and belief, is known as Cotton Trading Inc. Cotton Trading then sold those

products to Altatac, Inc. Altatac then directly sold those products into this judicial district.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400 (a).

## BACKGROUND

6. In late 2011, Choon's introduced its Rainbow Loom product – a loom designed to be used with rubber bands to form links for making bracelets, necklaces, and even bags and other items – to the market ("the Rainbow Loom").

7. Choon's introduced the Rainbow Loom by selectively placing it in specialty toy and craft stores. Choon's did not initially sell the product to any retail chains—although it does now.

8. Notwithstanding, the Rainbow Loom product was, from the get go, received with great fanfare and accomplished almost immediate and monumental success - even without any relationships with retail chains.

9. In an article dated July 19, 2013 (attached as **Exhibit 1**), one store owner noted "[w]e are selling the Rainbow Loom like crazy!" The article further notes that the Rainbow Loom is "[t]he summer obsession … [and] … is flying off shelves so quickly that stores can't keep them in stock for long," and that the popularity of the Rainbow Loom has "'spread like wildfire throughout the country,' especially with kids 5 to 15."

10. Choon's founder, Cheong Choon Ng, has been featured on the NBC's TODAY show (http://www.today.com/style/new-silly-bandz-rainbow-loom-bracelets-hit-kids-6C10920802) and his amazing success story has been detailed in a number of publications. Copies of a few of the published articles, such as those in The Wall Street Journal, The New York Times, and Crain's Detroit Business are attached as **Exhibit 2**.

11. Undoubtedly, the Rainbow Loom has become a smash hit within the toy industry. Recently, Choon's was awarded the coveted "Toy of the Year" award at the 14th Annual Toy of the Year Awards held in New York City. Choon's also received awards for "Activity Toy of the Year," "Girl Toy of the Year," and "Specialty Toy of the Year." A press release from the Toy Industry Association is attached as **Exhibit 3**.

12. Since its introduction into the market, Choon's has sold more than five million Rainbow Looms. Of course, Choon's has also sold large volumes of other complementary products that are used with the Rainbow Loom such as rubber bands and C-clips (which are used to hold the two ends of a necklace or bracelet together).

13. Choon's tremendous success has led to numerous copycats trying to capitalize on Choon's hard work. For instance, after taking note of Choon's great success, Defendant has begun selling its own loom kit, the "Krazy Looms Bandz

Set" (hereinafter "Krazy Loom"), which comes with a loom, rubber bands, and clips, among other things. The Krazy Loom was offered for sale via Defendant's website. See **Exhibit 4**. Further, Defendant has sold the Krazy Loom to an entity which, on information and belief, is known as Cotton Trading Inc. Cotton Trading then sold the Krazy Loom to Altatac, Inc. of 532 Mateo Street, Los Angeles, California 90013. Altatac sold the Krazy Loom into this judicial district (in particular, into Novi, Michigan, which is located in Oakland County, Michigan). Certainly, Defendant put the Krazy Loom in the stream of commerce.

14. Even worse, Defendant has copied Choon's promotional materials, and uses Choon's materials to advertise and sell its own loom product. For example, the documentation provided with the Krazy Loom prominently displays a copyrighted photograph on its packaging. **Not only is this a photo taken directly from Choon's website and product packaging, but the photo actually includes the hands and arms of Mr. Ng's wife and daughters.** See **Figure B** below.

15. Choon's has registered the photograph of Mr. Ng's wife and daughters with the United States Copyright Office. A copy of Choon's Copyright Registration No. VAu 1-139-828 for the "Rainbow Loom Hands" photograph, along with the corresponding photograph, is attached as **Exhibit 5**. Choon's is the owner by assignment of all right, title and interest in this work.

16. Below is a comparison of Choon's registered "Rainbow Loom Hands" photograph alongside the photographs displayed on the instructions for the Krazy Loom (**Exhibit 6**). Without question, Defendant copied Choon's photograph.



| Choon's "Rainbow Loom Hands" | Defendant's Krazy Loom materials |
|---|---|
| **(Figure A;** *See also* **Ex. 5)** | **(Figure B;** *See also* **Exhibit 6**—the instructions accompanying the Krazy Loom) |

17. Choon's also owns several U.S. patents that cover its Rainbow Loom. One such patent is United States Patent No. 8,485,565 ("the '565 patent"), entitled "Brunnian Link Making Device and Kit," which was issued on July 16, 2013 by the United States Patent and Trademark Office. A true and correct copy of the '565 patent is attached hereto as **Exhibit 7**.

18. The '565 patent names Cheong Choon Ng as inventor.

19. Choon's is the owner by assignment of all right, title and interest in the '565 patent.

20. The '565 patent generally relates to, *inter alia*, a novel method and device for creating a linked item.

6

21. Another such patent is United States Patent No. 8,684,420 ("the '420 patent"), entitled "Brunnian Link Making Device and Kit," which was issued on April 1, 2014 by the United States Patent and Trademark Office. A true and correct copy of the '420 patent is attached hereto as **Exhibit 8**.

22. The '420 patent names Cheong Choon Ng as inventor.

23. Choon's is the owner by assignment of all right, title and interest in the '420 patent.

24. The '420 patent generally relates to, *inter alia*, a novel method and device for creating a linked item.

25. Defendant's Krazy Loom infringes one or more of the claims of Choon's '565 and '420 patents.

26. Choon's also owns U.S. Trademark Registration No. 4,345,796 for the RAINBOW LOOM mark, and uses this mark in connection with its Rainbow Loom products. A copy of the registration is attached as **Exhibit 9**.

27. The packaging of the Krazy Loom incorporates discrete colors commonly associated with rainbows (i.e., red, orange, yellow, green, blue, indigo, and violet) (see **Exhibit 4**, screenshots from Defendant's website) into the font used for the terms "Krazy," "Looms," "Bandz," and "Set." Defendant infringes Choon's RAINBOW LOOM mark for at least this reason.

## **COUNT I – COPYRIGHT INFRINGEMENT**

28. Choon's incorporates and re-alleges Paragraphs 1 through 27 as each were fully set forth herein.

29. Choon's copyrighted work contains original material that is copyrightable subject matter under the Copyright Act, 17 U.S.C. § 101 *et seq.*

30. Under § 106 of the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*, Choon's has distinct and exclusive rights including but not limited to the rights to reproduce, prepare derivative works, distribute, and display his copyrighted work. 17 U.S.C. § 106(1)-(3), (5).

31. Choon's brings this action for copyright infringement under the United States Copyright Act to combat the willful and intentional infringement of his exclusive rights to his creative work. Defendant has knowingly and illegally reproduced and distributed Choon's copyrighted work. Upon information and belief, Defendant continues to do so. Defendant has profited considerably through its infringement and illegal acts. Accordingly, Choon's seeks injunctive relief to prevent or limit future infringement, statutory or actual damages for Defendant's past and present willful copyright infringement, an award of his costs and attorneys' fees, and damages based on Defendant's unjust enrichment that has resulted from Defendant's unauthorized use of Choon's copyrighted work.

32. Defendant's actions with regard to Choon's copyrighted work constitutes copyright infringement in violation of 17 U.S.C. § 501.

33. Without Choon's consent, authorization, permission, approval or license, Defendant knowingly, willfully and unlawfully infringed on Choon's copyright by copying Choon's copyrighted work.

34. Without Choon's consent, authorization, permission, approval or license, Defendant knowingly, willfully and unlawfully infringed on Choon's copyright by licensing or otherwise distributing or selling or displaying products, namely the Krazy Loom, including Choon's copyrighted work to third parties.

35. By unlawfully copying, distributing, displaying and preparing derivative works of Choon's copyrighted Rainbow Loom Hands photograph, Defendant has violated Choon's exclusive rights under 17 U.S.C. § 106.

36. As a direct and proximate result of the foregoing, Choon's is entitled to statutory damages for the infringements complained of herein, including costs and reasonable attorneys' fees pursuant to 17 U.S.C. §§ 504 and 505.

37. Moreover, Choon's will continue to be damaged and irreparably injured unless such acts of infringement are permanently enjoined.

## COUNT II – DIRECT INFRINGEMENT OF THE '565 PATENT

38. Choon's incorporates and re-alleges Paragraphs 1 through 37 as each were fully set forth herein.

39. The '565 patent remains valid, enforceable and unexpired.

40. Upon information and belief, Defendant is directly infringing and have directly infringed the '565 patent, including, without limitation, by making, using, selling, offering for sale, and/or importing, without license or authority, the Krazy Loom which is covered by the '565 patent.

41. The Krazy Loom falls within the scope of one or more claims of the '565 patent. Upon information and belief, Defendant directly infringes at least claims 2-4 and 9 of the '565 patent.

42. Upon information and belief, Defendant has actual knowledge of the '565 patent and knowledge of its infringement of the '565 patent.

43. Upon information and belief, Defendant's infringement has been and continues to be willful and deliberate.

44. As a result of Defendant's infringement, Choon's will suffer severe and irreparable harm, unless that infringement is enjoined by this Court, and has suffered substantial damages.

## **COUNT III – DIRECT INFRINGEMENT OF THE '420 PATENT**

45. Choon's incorporates and re-alleges Paragraphs 1 through 44 as each were fully set forth herein.

46. The '420 patent remains valid, enforceable and unexpired.

47. Upon information and belief, Defendant is directly infringing and has directly infringed the '420 patent, including, without limitation, by making, using, selling, offering for sale, and/or importing, without license or authority, the Krazy Loom which is covered by the '420 patent.

48. The Krazy Loom falls within the scope of one or more claims of the '420 patent. Upon information and belief, Defendant directly infringes at least claims 1-16 of the '420 patent.

49. Upon information and belief, Defendant has actual knowledge of the '420 patent and knowledge of its infringement of the '420 patent.

50. Upon information and belief, Defendant's infringement has been and continues to be willful and deliberate.

51. As a result of Defendant's infringement, Choon's will suffer severe and irreparable harm, unless that infringement is enjoined by this Court, and has suffered substantial damages.

## COUNT IV – TRADEMARK INFRINGEMENT
## IN VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1114

52. Choon's incorporates and re-alleges Paragraphs 1 through 51 as each were fully set forth herein.

53. Defendant has, without Choon's consent, used in commerce a colorable imitation of the RAINBOW LOOM mark in connection with the sale, offering for sale, distribution, and/or advertising of goods or services likely to cause confusion, or to cause a mistake, or to deceive in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114.

54. Choon's federal registration on the Principal Register for the mark RAINBOW LOOM is conclusive evidence of Choon's exclusive right to use this mark, pursuant to the Lanham Act, 15 U.S.C. § 1115.

55. The infringing acts committed by Defendant were committed with knowledge that such imitation was intended to be used to cause confusion, or to cause mistake or to deceive, and have caused, and, unless enjoined, will continue to cause damage to Choon's.

56. As a proximate result of Defendant's actions, Choon's has suffered and will continue to suffer great damage to its business, goodwill, reputation, profits and the strength of its trademarks. The injury is and continues to be ongoing and irreparable. An award of monetary damages alone cannot fully compensate Choon's for its injuries and Choon's lacks an adequate remedy at law.

57. Upon information and belief, the foregoing acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

58. Choon's is entitled to a permanent injunction against Defendant, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages; treble damages; disgorgement of profits; and costs and attorney's fees.

## COUNT V – TRADEMARK INFRINGEMENT
## IN VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

59. Choon's incorporates and re-alleges Paragraphs 1 through 58 as each were fully set forth herein.

60. Choon's RAINBOW LOOM mark is "famous" within the meaning of Section 43(c)(1) of the Lanham Act, 15 U.S.C. § 1125(c) (the "Anti-Dilution Act").

61. Choon's is the owner of the RAINBOW LOOM mark.

62. Choon's has no control over the quality of the Defendant's web site, advertising, other promotional materials, or products.

63. After Choon's RAINBOW LOOM mark became famous, the Defendant commenced use of a mark in commerce that is likely to cause dilution by impairing the distinctiveness of the RAINBOW LOOM mark, lessening the capacity of the mark to identify and distinguish the products offered by Choon's,

and by creating an association arising from the similarity between Defendant's mark and Choon's RAINBOW LOOM mark that harms the reputation of Choon's famous mark.

64. Defendant's unauthorized use of Choon's famous RAINBOW LOOM mark will tend to, and does, dilute the distinctive quality of said mark and will diminish and destroy the public association of said mark with Choon's in violation of 15 U.S.C. § 1125(c).

65. Upon information and belief, Defendant willfully intended to trade on the recognition of Choon's mark and caused dilution of Choon's famous mark.

66. By reason of the acts of Defendant alleged herein, Choon's has suffered, is suffering, and will continue to suffer irreparable damage and, unless said Defendant is restrained from continuing its wrongful acts, the damage will be increased.

67. Choon's has no adequate remedy at law.

## **PRAYER FOR RELIEF**

Choon's respectfully requests that this Court enter judgment in its favor and against Defendant on all counts of this Complaint. Choon's specifically requests that this Court:

A. Require, as a consequence of Defendant's infringement of Choon's copyright, that Defendant pay Choon's (i) such damages as Choon's has sustained,

and all gains, profits and advantages derived by Defendant resulting from infringement of Choon's copyright, or (ii) the maximum statutory damages recoverable pursuant to 17 U.S.C. § 504;

 B. Require Defendant to pay Choon's increased statutory damages for willful infringement pursuant to 17 U.S.C. § 504;

 C. Require Defendant to pay Choon's costs and attorney fees incurred in bringing this action in accordance with 17 U.S.C. § 505;

 D. Award Choon's damages for unjust enrichment in an amount to be determined at trial, plus interest, costs and actual attorney fees;

 E. Enter a permanent injunction enjoining and restraining Defendant and its subsidiaries, officers, directors, employees and agents from further infringing on Choon's copyright; and

 F. Enter an order adjudging that Defendant has infringed the '565 and '420 patents;

 G. Enter an order adjudging Defendant to have willfully infringed the '565 and '420 patents;

 H. Grant permanent injunction enjoining Defendant and its officers, directors, agents, servants, employees and those persons in active concert or participation with Defendant from infringing the '565 and '420 patents in violation of 35 U.S.C. § 271;

I. Award damages adequate to compensate Choon's for Defendant's infringement of the '565 and '420 patents;

J. Award damages adequate to compensate Choon's for infringement including those damages provided for in 35 U.S.C. § 154(d).

K. Enter an order for a trebling of damages and/or exemplary damages because of Defendant's willful infringement pursuant to 35 U.S.C. § 284;

L. Enter an order adjudging that this is an exceptional case;

M. Award Choon's of its attorney fees and its costs and expenses incurred in connection with this action pursuant to 35 U.S.C. § 285 and as permitted under Choon's other claims;

N. A permanent injunction enjoining Defendant, its employees, agents, officers, directors, attorneys, representatives, successors, affiliates, parents, subsidiaries, licensees, and assigns, and all those in active concert or participation with any of them, from the following acts:

> a. using, attempting to use, or registering, on or in connection with any business or service, or the sale, offering for sale, distribution, advertising, promotion, labeling or packaging, of any service or any goods, or for any purpose whatsoever: (1) the RAINBOW LOOM mark, or any other name, mark or designation which colorably imitates or is confusingly similar to said name or mark,

    alone or in combination with any other mark(s), designation(s), word(s), term(s) and or design(s); and (2) any false description or representation or any other thing calculated or likely to cause confusion or mistake in the public mind or to deceive the public into the belief that Defendant or its products or services are connected to Choon's or that Defendant's products and services come from or are approved or endorsed by Choon's; and

  b. otherwise engaging in acts, either directly or through other entities, of infringement and unfair competition;

O. A declaration that Defendant's acts of trademark infringement and unfair competition are knowing, willful and "exceptional" within the meaning of 15 U.S.C. § 1117;

P. Enter judgment that Defendant has injured Choon's business reputation and diluted the distinctive quality of Choon's famous mark in violation of 15 U.S.C. § 1125(c)(1);

Q. Enter judgment that Defendant has injured Choon's business reputation and diluted the distinctive quality of Choon's famous mark in violation of 15 U.S.C. § 1125(c)(1);

R. Award damages to Choon's as provided under 15 U.S.C. § 1117, including the Defendant's profits, the damages sustained by Choon's, and

reasonable attorney fees to Choon's as prevailing party, and/or if the court finds that the amount of recovery based on profits is either inadequate or excessive, to award a sum the court finds to be just, according to the circumstances of this case and the costs of this action.

  S. Enter an order requiring Defendant to file with the Court and serve upon Plaintiff, within thirty (30) days after the entry of such order or judgment, a report in writing and under oath setting forth in detail the manner and form in which they have complied with the injunction;

  T. Enter an order awarding to Choon's actual damages and an accounting of Defendant's profits, including any statutory enhancements on account of the willful nature of Defendant's acts;

  U. Award prejudgment and post-judgment interest and costs of this action; and

  V. Award Choon's any other appropriate legal or equitable relief this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Fed R. Civ. P. 38(b) and 5(d), Plaintiff demands a trial by jury for all issues so triable.

Dated:  June 6, 2014 **CARLSON, GASKEY & OLDS, P.C.**

/s/ Timothy J. Murphy
Theodore W. Olds, III (P42004)
John M. Siragusa (P62573)
Brian S. Tobin (P67621)
Timothy J. Murphy (P77041)
Carlson Gaskey & Olds, P.C.
400 W. Maple, Suite 350
Birmingham, Michigan 48009
Telephone: (248) 988-8360
Facsimile: (248) 988-8363
Email:  tmurphy@cgolaw.com

*Attorneys for Plaintiff Choon's Design Inc.*